Prepared By:
PAUL D. POST
Sup. Ct. No. 08456
Attorney for Debtor
5897 S.W. 29th Street
Topeka, Kansas 66614
(785) 273-1353
(785) 273-1353 (fax)
email: paulpost@paulpost.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

| | |
|---|---|
| FAITH ROOFING COMPANY, INC., <br> Debtor, | Case No. 14-41124 <br> Chapter 11 |

| | |
|---|---|
| FAITH ROOFING COMPANY, INC. | PLAINTIFF |
| v. | Adversary Case No. |
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC., d/b/a ABC SUPPLY CO., INC., | DEFENDANT |

## COMPLAINT FOR INJUNCTIVE RELIEF

**COME NOW** the Debtor and Plantiff herein, Faith Roofing Company, Inc., by and through its attorney, Paul D. Post, and for cause of action against the Defendant, American Builders & Contractors Supply Co., Inc. ("ABC"), states and alleges as follows:

1. Faith Roofing is engaged in business of operating a residential and commercial roofing and remodeling business. ABC is a roofing and building material supplier, and has an unsecured

claim against Plaintiff in the amount of $211,523.24 (claim number 1).

2. The Court has jurisdiction of this adversary under 11 U.S.C. § 105 and Bankruptcy Rule 7001(7).

3. Prior to the filing of this case, ABC obtained a judgment against Faith Roofing and its president, Brent Boman, who personally guaranteed the debt. The judgment was obtained in the District Court of Sedgwick County, Kansas, in case captioned *American Builders and Contractors Supply Co., Inc., v. Faith Roofing Company, Inc., et al.,* case number 2014 CV 530 on September 15, 2014.

4. Since the filing of this bankruptcy case, ABC has initiated efforts to collect the judgment debt against Brent Boman personally, by issuing garnishment orders to Faith Roofing in an attempt to attach Mr. Boman's earnings, and by requiring Mr. Boman to attend hearings in aid of execution held in the District Court of Sedgwick County.

5. Faith Roofing anticipates that its eventual plan of reorganization will provide for payment to ABC and other unsecured creditors in full, over a reasonable period of time and with interest. The Court has now set a date by which the plan must be filed, which date is March 25, 2015. Faith Roofing anticipates that the plan will be filed before that date.

6. Brent Boman, as president of Faith Roofing, is in charge of the overall management of Faith Roofing. To attend hearings in Wichita on the civil case requires a considerable time expenditure on the part of Mr. Boman, usually of no less than five hours to travel to Wichita and to attend the scheduled hearings in aid of execution of ABC's judgment. These collection efforts by ABC against Mr. Boman have caused and will continue to cause considerable distraction from his primary obligation to Faith Roofing, which is to continue to operate Faith Roofing in a profitable manner in order to generate income to pay the debts of not only ABC, but other unsecured and

secured creditors in this case.

7. Bankruptcy courts have jurisdiction under 11 U.S.C. § 105 to impose injunctive relief where appropriate. Other courts considering requests for stays against guarantors have enjoined collection activities where (1) there is a danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize; (2) there is a reasonable likelihood of successful reorganization; (3) the relative harm of an injunction prohibiting collection activities by a creditor is less than the likely harm which may occur to the debtor or the debtor's estate; and (4) and whether the public interest will be served by temporarily delaying a creditor's ability to collect from third parties.

8. Faith Roofing alleges that there is a danger of imminent and irreparable to the estate or Faith Roofing's ability to reorganization by the ongoing requirement that Brent Boman travel some distance from Topeka to appear at hearings in aid of execution scheduled by ABC. Mr. Boman is the chief executive officer and sole shareholder of Faith Roofing, and as the "hands on" manager of this company is required to devote his full time and attention to the management of Faith Roofing if there is to be a successful reorganization in this case. The collection activities of ABC prevent this from occurring. Further, Faith Roofing believes that there will be a reasonable likelihood of successful reorganization under Chapter 11, which will in turn result in full payment to ABC on its debt. Mr. Boman reports that October was one of the best sales months that Faith Roofing has experienced in its history. The evidence would show that Faith Roofing is not a failing company, but rather, a growing enterprise that expects to expand is business base in order to pay its creditors and successfully emerge from Chapter 11 protection. In addition, the relative harm that would accrue to ABC by an inability to collect its debt from Mr. Boman while waiting on plan development is outweighed by the harm which may well accrue to Faith Roofing if Mr. Boman is continued to be required to divert his attention from the ongoing management of the company. Finally, Faith

Roofing has been a successful home improvement company in Kansas, Missouri, and Nebraska for a number of years and offers a competitive service to customers in its service area. Its successful reorganization would certainly be in the in public interest, which could be harmed by Mr. Boman's ongoing diversion of attention from the day-to-day management of this enterprise.

WHEREFORE, the Debtor, Faith Roofing Company, Inc. requests that the Court enter an order enjoining ABC from ongoing collection attempts on its judgment against Brent Boman, and for such other and further relief as the Court deems just and equitable..

_s/ Paul D. Post_
PAUL D. POST
Attorney for Debtor
